NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1901-16T2

MICHAEL MARTIN,

 Plaintiff-Appellant,

v.

CONIFER-LECHASE CONSTRUCTION,
LLC, CONIFER REALTY, LLC,

 Defendants-Respondents.
_____________________________

 Submitted October 24, 2017 – Decided November 14, 2017

 Before Judges Reisner and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Civil Part, Burlington County,
 Docket No. L-2649-15.

 Dennis E. Block, attorney for appellant.

 Marshall Dennehey Warner Coleman & Goggin,
 attorneys for respondents (Walter F. Kawalec,
 III, on the brief).

PER CURIAM

 Plaintiff Michael Martin appeals from a December 2, 2016

order granting summary judgment, dismissing his amended complaint

on statute of limitations grounds. We review the trial court's
summary judgment order de novo. See Davis v. Brickman Landscaping,

Ltd., 219 N.J. 395, 405 (2014). Likewise, we owe no deference to

a trial court's legal interpretations. Manalapan Realty, L.P. v.

Manalapan Twp. Comm., 140 N.J. 366, 378 (1995). After reviewing

the record with those standards in mind, we affirm for the reasons

cogently stated by Judge Aimee R. Belgard in her supplemental

letter opinion dated February 10, 2017. Plaintiff's appellate

arguments are without sufficient merit to warrant additional

discussion beyond the following brief comments. R. 2:11-

3(e)(1)(E).

 Plaintiff was employed by Gary F. Gardner, Inc. to perform

inspections and correct punch-list items at an assisted living

facility that was under construction. Conifer-LeChase

Construction, Inc. (LeChase) was building the facility and Conifer

Realty, Inc. (Conifer) was in charge of maintenance. Plaintiff

slipped and fell while working at the facility on November 25,

2013. He claimed that someone employed by Conifer had used the

wrong kind of wax on the floor. Plaintiff admitted at his

deposition that, at the time of his fall, he knew the name of his

employer and he knew the identities of the construction contractor

and the maintenance company. In fact, he filed a workers'

compensation claim against Gary F. Gardner, Inc. in 2014.

 2 A-1901-16T2
 Almost two years after the accident, as the statute of

limitations (SOL) was about to expire, plaintiff filed a complaint

naming Gary F, Gardner, Inc., and "John Doe's (1-4)" as defendants.

He did not file an amended complaint, naming LeChase and Conifer

as defendants, until after the SOL had expired. Nor did he serve

either of those defendants with the original complaint before the

SOL expired.

 Judge Belgard concluded that plaintiff was not entitled to

rely on the relation-back doctrine or the fictitious pleading

rule. See R. 4:9-3; R. 4:26-4. On this appeal, plaintiff solely

relies on the relation back doctrine, R. 4:9-3. However, there

is no evidence that LeChase and Conifer had notice of plaintiff's

lawsuit within the SOL. See R. 4:9-3(1). Further, plaintiff

admitted that, at the time the accident occurred, he knew both

parties' identities, and their roles at the construction site.

Plaintiff also admitted that he knew, prior to the accident, that

a Conifer employee had used the wrong wax on the floor. There is

no legally competent evidence in the record explaining why he did

not name both defendants in the original complaint.

 Affirmed.

 3 A-1901-16T2